COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Senior Judge Overton


SUE ANN LANE

MEMORANDUM OPINION*

v.    Record No. 2697-01-3                    PER CURIAM
                                              APRIL 2, 2002
ALCOA BUILDING PRODUCTS AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Thomas W. Dixon, Jr.; Nelson, McPherson,
                Summers & Santos, L.C., on brief), for
                appellant.

                (R. Ferrell Newman; Thompson, Smithers,
                Newman, Wade & Childress, on brief), for
                appellees.


     Sue Ann Lane (claimant) contends the Workers' Compensation

Commission erred in finding that she failed to prove she was

totally disabled after April 5, 1999 as a result of her March

16, 1993 compensable back injury and, therefore, she was

required to market her residual work capacity, which she failed

to do.[1]  Upon reviewing the record and the parties' briefs, we

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Claimant did not appeal the commission's findings that she
did not suffer a new injury by accident on April 5, 1999 and
that any current disability was the result of her 1993
compensable injury by accident.  In addition, claimant did not
challenge the commission's ruling that she unjustifiably refused
selective employment on April 5, 1999.

conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In granting employer's application and suspending claimant's benefits as of April 5, 1999 based upon her failure to cure her unjustified refusal of selective employment, the commission found as follows:

> [C]laimant argues that the evidence shows she is entitled to temporary total disability benefits after the [sic] April 5, 1999, because her disability rendered her incapable of any work.  The claimant relies on her testimony and that of her husband regarding her condition even before this April 1999 incident.  They testified that she was very limited in performing her household chores, had pain while sitting or standing, and was in constant pain during her one and one half years at Borg Warner when she did the light duty position.
>
> Significantly, the claimant testified that her condition was essentially the same before and after the April 1999 incident. The claimant was released to light duty work, and worked in that capacity after April 5, 1999.  The medical evidence supports a finding that she was capable of this light duty work.

- 2 -

On April 5, 1999, the claimant was suspended for poor job performance. After April 5, 1999, the claimant sustained some disability from work, as indicated by the disability slips dated April 5, 1999 and April 13, 1999, but the medical records do not relate this disability to her 1993 work accident. Once her period of disability ended, which was after the suspension, the claimant failed to report to her selective employment, and she was terminated.

The medical evidence does not indicate any disability from work after the April 13, 1999 work slip until Dr. [William G.] Hatfield's May 5, 2000 letter to claimant's counsel. Dr. Hatfield did not treat the claimant between 1996 and May of 2000. In 1997, Dr. Hatfield's partner, Dr. [Antonio E.] Valencia, returned the claimant to work. Other medical evidence and the claimant [sic] performance of light duty work supported this release for one and one half years. Moreover, as the Deputy Commissioner noted, no corresponding medical records support Dr. Hatfield's opinion that the claimant could perform no work and that this was related to her 1993 work injury. For these reasons, the Deputy Commissioner's finding that the claimant refused selective employment is affirmed.

The claimant had a duty to market her residual capacity and secure employment in order to cure that refusal. The evidence shows that despite her residual capacity, the claimant has not cured her refusal. The claimant candidly admitted that she has not looked for work because she believes that she is incapable of work. The medical evidence contradicts her belief, and she had a duty to cure her refusal of selective employment.

The commission's findings are amply supported by claimant's testimony that her pain remained the same both before and after the April 5, 1999 incident, her ability to perform the

light-duty job as a telephone operator for one and one-half years, Dr. Valencia's 1997 light-duty work release, the 1997 functional capacities evaluation, and the medical records of Drs. Valencia and E. Franklin Pence, Jr. As fact finder, the commission was entitled to reject Dr. Hatfield's May 5, 2001 and May 15, 2001 opinions, which were not supported by records of any corresponding medical examination. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Based upon this record, we cannot find as a matter of law that claimant's evidence proved she was totally disabled after April 5, 1999 as a result of her compensable 1993 injury by accident. Accordingly, we affirm the commission's decision.

Affirmed.

- 4 -